THOMPSON CONSUMER LAW GROUP
RUSSEL S. THOMPSON, IV (SBN 325944)
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN (SBN 160562)
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

*Attorneys for Plaintiff Jonathon Simon Individually and on Behalf of All Others Similarly Situated*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON SIMON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., <br><br> Defendant. | Case No. 4:20-cv-3582 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Johnathon Simon ("Plaintiff"), individually and on behalf of the Class defined below of similarly situated persons, files this Class Action Complaint for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff files suit against Professional Bureau of Collections of Maryland, Inc. (hereinafter "PBCM" or "Defendant"). Plaintiff brings this action

based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through undersigned counsel.

## INTRODUCTION

1. Plaintiff allegedly owed a debt to creditor Western Dental Services, Inc. (the "Debt"). That Debt was sought to be collected, along with many others, by debt collector PBCM. At the time PBCM sought to collect the Debt, the Debt was no longer enforceable through judicial means. That is, Plaintiff could not be sued for it, as the Statute of Limitations had expired.

2. Nevertheless, PBCM sent Mr. Simon a boilerplate collection letter that did not inform him that the debt was no longer enforceable. Instead, the collection letter told Plaintiff that he could "settle" the debt with them, suggesting that PBCM could, in fact, use the judicial process to enforce the debt. That same letter omitted certain mandatory disclosures. As a result, Defendant's debt collection practices violate the applicable statutes cited herein.

## THE PARTIES

3. Plaintiff is, and at all relevant times was, a citizen of the State of California and resides in Antioch, California.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

6. Defendant is a United States corporation founded in Elk Grove, CA, but now headquartered in Denver, Colorado.

7. According to its website, Defendant handles 1st party collections, 3rd party collections, and the servicing of performing portfolios on behalf of its clients.

8. While PBCM now appears to be headquartered in Denver Colorado, PBCM still maintains a "call center" in California and routinely seeks to collect debts from residents of California. *See, gen.*, https://www.pbccorp.com/about-us/ (last visited May 6, 2020).

9. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by Cal. Civ. Code § 1788.2(d).

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Cal. Civ. Code § 1788.2(c).

**JURISDICTION, VENUE, AND STANDING**

11. This Court has subject matter jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367. *See, e.g., Levering & Garrigues Co. v. Morrin*, 289 U.S. 103 (1933), 53 S.Ct. 549, 77 L.Ed. 1062.

13. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. 15 U.S.C. § 1692(b) (In passing the FDCPA Congress determined "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers").

14. This Court has personal jurisdiction over Defendant because Defendant owns and operates a business ("Call Center") that is headquartered in California and conducts substantial business throughout California, including in the Northern District of California.

15. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts substantial business in this district.

**INTRADISTRICT ASSIGNMENT**

16. Pursuant to Civil L.R. 3-2(c) and (d), assignment to the San Francisco or Oakland Division is proper because a substantial part of the conduct which gives rise to Plaintiff's claims occurred in this district and specifically in Contra Costa County. Additionally, Defendant attempts to collect debts throughout the United States, including in Contra Costa County.

# THE STATUTORY FRAMEWORK

## The Fair Debt Collection Practices Act ("FDCPA")

17. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

18. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

19. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'" *Id*. (quoting *Baker v. G.C. Servs. Corp*., 677 F.2d 775, 780-81 (9th Cir. 1982)).

20. Violations of the FDCPA are assessed under the "least sophisticated consumer" standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

21. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the **hypothetical** 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

22. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; see also *FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who

deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

### The Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

23. California has adopted a state version of the FDCPA, called the Rosenthal Fair Debt Collection Practices Act. *See* Cal. Civ. Code § 1788 *et seq.*

24. Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

25. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

26. "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

### STATEMENT OF FACTS

27. Plaintiff is a natural person allegedly obligated to pay a debt.

28. Plaintiff's alleged obligation arises from a consumer credit transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal dental services (the "Debt").

29. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in a business the principal purpose of which is the collection of debts.

31. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated September 6, 2019.

32. A true and correct copy of Defendant's September 6, 2019 letter is attached as Exhibit A.

33. Plaintiff received the letter in the mail, shortly after it was sent.

34. Plaintiff read the letter shortly after receiving it.

35. Defendant's September 6, 2019 letter was its initial communication with Plaintiff with respect to the Debt.

36. Defendant's September 6, 2019 letter included the statement of notices required in an initial communication under 15 U.S.C. § 1692g(a).

37. Defendant's September 6, 2019 letter identified the balance of the Debt as $4,713.40.

38. Defendant's September 6, 2019 letter states, in relevant part: "We trust that your intention is to *settle* this long overdue debt." (emphasis added).

39. Defendant's September 6, 2019 letter then requests that Plaintiff contact its office "to make arrangements to pay this debt . . . ."

40. Defendant's September 6, 2019 letter then concludes by advising Plaintiff that "[t]his notice is sent by a professional debt collector."

41. Upon information and belief, Plaintiff's last payment on the Debt was on April 30, 2015.

42. However, the applicable statute of limitations in the state of California is four years. *See* Cal. Civ. P. § 337.

43. Thus, as of April 30, 2019, the Debt was no longer enforceable by judicial means.

44. As of September 6, 2019, Defendant knew, or should have known, that the Debt was past the statute of limitations and could not be enforced by judicial means.

45. Defendant's September 6, 2019 letter has the capacity to mislead Plaintiff, and/or the least sophisticated consumer, as to the character of the Debt and its enforceability.

46. Sending a collection letter to collect on a time-barred debt is also deceptive and misleading because upon receipt, Plaintiff, and/or the least sophisticated consumer, could reasonably infer from Defendant's September 6, 2019 letter, and believe, that the Debt is live, valid, and enforceable.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

47. This is especially true here because the collection letter states: "We trust that your intention is to settle this long overdue debt" or otherwise conveys a sense that the collector has alternative means of acquiring payment on the Debt.

48. In addition, by referring to itself as a "professional" debt collector, Defendant implies a higher level of authority and knowledge.

49. By including such language in Defendant's September 6, 2019 letter, Plaintiff, and/or the least sophisticated consumer, could read Defendant's letter as suggesting that the Debt could be enforced through judicial means, when, in fact, it could not be.

50. Defendant's letter fails to clear up this potential for confusion by failing to advise Plaintiff that the Debt was outside the applicable statute of limitations period or that he could not be sued to collect it.

51. Defendant's conduct is unfair and unconscionable, and is part of a debt collection practice designed to create a false sense of fear and urgency in the consumer in order to get consumers to make payment on time-barred debts.

52. Further, because the Debt was not past the date for obsolescence set forth in 15 U.S.C. § 1681c of the federal Fair Credit Reporting Act, Defendant was legally *required* under California law to state in its September 6, 2019 letter that "(t)he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Professional Bureau of Collections of Maryland, Inc. may (continue to) report it to the credit reporting agencies as unpaid for as long as the law permits this reporting." Cal. Civ. Code § 1788.14(d)(1).

53. Defendant's September 6, 2019 letter contains no such statement and therefore constitutes a *per se* violation of that statute.

**CLASS ALLEGATIONS**

54. Defendant's September 6, 2019 letter is based on a form or template used as the initial written communication in connection with the collection of a debt (the "Template").

55. Upon information and belief, Defendant sent substantially similar letters based on the Template to over 40 individuals in the State of California within the year prior to the filing of the

complaint in this matter, where such letter was the initial written communication with the individual and where the consumer had not made a payment on the debt within at least four years.

56. Therefore, Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following class:

> All individuals in the State of California to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a debt, a letter based on the Template where the date of the last payment on the alleged debt preceded the date of the letter by at least four years.

57. Plaintiff further seeks to represent a subclass of individuals defined as:

> All individuals in the State of California to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a consumer debt, a letter based on the Template where the date of the last payment on the alleged debt preceded the date of the letter by at least four years.

58. The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and their immediate family members.

59. The class is averred to be so numerous that joinder of members is impracticable.

60. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

61. The identities of all class members can be identified in business records maintained by Defendant.

62. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b)

Defendant's violations of 15 U.S.C. § 1692 et seq.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

63. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

64. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

65. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

66. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

67. Plaintiff is willing and prepared to serve this Court and the proposed class.

68. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

69. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

71. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such

incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

72. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

73. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

74. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy

## COUNT I

## VIOLATION OF 15 U.S.C. § 1692e

75. Plaintiff repeats and re-alleges each factual allegation above.

76. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. See 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

77. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. 2006)).

78. Defendant violated 15 U.S.C. § 1692e by sending it September 6, 2019 letter which misleads Plaintiff into believing that the Debt was legally enforceable in order to induce Plaintiff to make payments on the Debt when, in fact, the Debt was no longer legally enforceable.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(b)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1692f

79. Plaintiff repeats and re-alleges each factual allegation above.

80. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

81. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

82. Defendant violated 15 U.S.C. § 1692f by sending Plaintiff the September 6, 2019 letter on a time-barred debt and using language to induce Plaintiff to make payments on a debt for fear of a lawsuit when no such lawsuit was legally possible.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

    e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(b)(ii);

    f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

    g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF CAL. CIV. CODE § 1788.17

83. Plaintiff repeats and re-alleges each factual allegation above.

84. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with § § 1692b-j of the FDCPA.

85. "[A]s any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well." *Miran v. Convergent Outsourcing, Inc.*, No. 316CV00692AJBJMA, 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017).

86. Defendant's violated 15 U.S.C. § 1692e by sending it September 6, 2019 letter which misleads Plaintiff into believing that the Debt was legally enforceable in order to induce Plaintiff to make payments on the Debt when, in fact, the Debt was no longer legally enforceable.

87. Defendant violated 15 U.S.C. § 1692f by sending Plaintiff the September 6, 2019 letter on a time-barred debt and using language to induce Plaintiff to make payments on a debt for fear of a lawsuit when no such lawsuit was legally possible.

88. Therefore, by failing to comply with the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated Cal. Civ. Code § 1788.17 with respect to Plaintiff and the subclass he seeks to represent;

c) Awarding Plaintiff and the subclass he seeks to represent actual damages pursuant to Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1788.17, and 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to Cal. Civ. Code § 1788.30(b);

e) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to Cal. Civ. Code § 1788.17 and 15 U.S.C. § 1692k(a)(1);

f) Awarding all other subclass members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to Cal. Civ. Code § 1788.17 and 15 U.S.C. § 1692k(a)(2)(B)(ii);

g) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c), 15 U.S.C. § 1692k(a)(3), and Rule 23;

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

h) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem proper.

## COUNT IV

### VIOLATION OF CAL. CIV. CODE § 1788.14(d)

89. Plaintiff repeats and re-alleges each factual allegation above.

90. When collecting a time-barred debt, the RFDCPA requires that a debt collector provide the consumer with a written notice stating, in relevant part: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." Cal. Civ. Code § 1788.14(d).

91. Here, Defendant's September 6, 2019 letter attempted to collect a time-barred debt that was not past the date for obsolescence, but failed to include the required notice in violation of Cal. Civ. Code § 1788.14(d).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated Cal. Civ. Code § 1788.14(d) with respect to Plaintiff and the subclass he seeks to represent;

c) Awarding Plaintiff and the subclass he seeks to represent actual damages pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to Cal. Civ. Code § 1788.30(b);

e) Awarding all other subclass members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to Cal. Civ. Code § 1788.17;

f) Awarding Plaintiff and the subclass he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c) and Rule 23;

g) Awarding Plaintiff and the subclass he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT V

## VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*

92. Plaintiff repeats and re-alleges each factual allegation above.

93. The UCL prohibits "unfair competition," which is defined by Cal. Bus. & Prof. Code § 17200 as including "any unlawful, unfair or fraudulent business act or practice . . . ."

94. "By defining unfair competition to include any 'unlawful . . . business act or practice,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable." *Kasky v. Nike, Inc*., 27 Cal. 4th 939, 949 (Cal. 2002).

95. As a result of engaging in the conduct alleged in this Complaint, Defendant has violated the UCL's proscription against engaging in unlawful conduct by virtue of violating the FDCPA and the RFDCPA as alleged herein.

96. Defendant has violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint, which violates legislatively-declared policies articulated in the FDCPA and the RFDCPA to protect consumers from predatory and unfair debt collection practices.

97. Defendant has undertaken conduct that is unlawful and unfair by, among other ways, attempting to collect a time-barred debt without disclosing that the debt is past the statute of limitations for judicial enforcement.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated by Cal. Bus. & Prof. Code § 17200 et seq. with respect to Plaintiff and the subclass he seeks to represent;

c) Awarding Plaintiff and the subclass he seeks to represent injunctive relief pursuant to by Cal. Bus. & Prof. Code § 17203 that remedies the violations alleged herein;

d) Awarding Plaintiff and the subclass he seeks to represent, reasonable attorneys' fees and costs incurred in this action; and

e) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

98. Plaintiff is entitled to and hereby demands a trial by jury for all causes so triable.

Dated: May 28, 2020

    Respectfully submitted,

    /s/ Russell S. Thompson, IV
    Russell S. Thompson, IV (Cal. Bar No. 325944)
    Thompson Consumer Law Group
    5235 E. Southern Ave., D106-618
    Mesa, AZ 85206
    Telephone: (602) 388-8898
    Facsimile: (866) 317-2674
    rthompson@ThompsonConsumerLaw.com

    ANDREW J. BROWN  (SBN 160562)
    THE LAW OFFICES OF ANDREW J. BROWN
    501 W. Broadway, Ste. 1490
    San Diego, CA  92101

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

Attorneys for Plaintiff